# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1265V

| | |
|---|---|
| JENNIFER SILACCI,<br><br>                  Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: September 3, 2025 |

*Rhonda Lorenz-Pignato, Shannon Law Group, PC, Woodridge, IL,* for Petitioner.

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 21, 2021, Jennifer Silacci filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on February 13, 2020. Petition at 1. On January 28, 2025, I issued a decision awarding damages based upon Respondent's proffer. ECF No. 52.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $81,084.26 (representing $80,003.60 for fees and $1,080.66 for costs). Petitioner's Application for Fees and Costs filed Feb. 6, 2025, ECF No. 57. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 62.

Respondent reacted to the motion on February 11, 2025, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 58. The same day, Petitioner filed a reply requesting that the amount of fees and costs listed in Petitioner's motion be awarded. ECF No. 59.

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations, and will therefore be adopted.[3]

I also note this case required additional briefing regarding entitlement, specifically severity. *See* Petitioner's Brief on Severity and Motion for a Ruling on the Record, filed Oct. 20, 2023, ECF No. 44; Petitioner's Reply to Respondent's Brief on Severity and Response Motion for a Ruling on the Record, filed Jan. 23, 2024, ECF No. 46. Petitioner's counsel expended approximately 17.9 hours drafting the entitlement brief and 9.7 hours drafting the reply entitlement brief, for a combined total of 27.6 hours. ECF No. 57-2 at 11-13, 5-7, respectively. Although a greater number of hours than I would usually approve, given that the needed discussion was only regarding severity, I will allow this amount of time in this case. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs, ECF No. 57-4. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 58. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$81,084.26 (representing $80,003.60 for**

---

[3] Although Ms. Lorenz-Pignato has been awarded a slightly higher hourly rate for 2025, she has requested the lower hourly rate in this case. *See Gibson v. Sec'y of Health & Hum. Servs.,* No. 21-0392V (Aug. 6, 2025) (as no motion for redaction has been filed this Fee Decision will be posted to the Court's website in the next few days).

**fees and $1,080.66 in attorney's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.